IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| James A. Tucker, #260993, )<br>                                   )<br>             Petitioner,  )<br>                                   )<br>vs.                                )<br>                                   )<br>William M. White, Warden; and )<br>Henry D. McMaster, Attorney )<br>General for South Carolina, )<br>                                 )<br>             Respondents.  ) | Civil Action No. 8:04-22210-CMC-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **PROCEDURAL FACTS**

The record reveals that the petitioner is currently an inmate at the Broad River Correctional Institution, where he was committed pursuant to an order of the Clerk of Court for Anderson County. The petitioner was indicted during the July 1999 term of the Grand Jury for Anderson County for two counts of petit larceny, two counts of third degree burglary, armed robbery, second degree burglary, and grand larceny. On August 3, 1999, represented by Fletcher Johnson, the petitioner pleaded guilty as charged before the Honorable H. Dean Hall. Judge Hall sentenced the petitioner to confinement for concurrent

terms of 30 years, provided upon the service of 10 years, the remainder being suspended upon probation for three years for armed robbery; 10 years for second degree burglary; five years for each third degree burglary charge, five years for grand larceny, and 30 days for each petit larceny charge.  The petitioner did not appeal his conviction or sentence.

On July 6, 2000, the petitioner filed a post-conviction relief application in the state circuit court.  The respondent made its return on September 28, 2000.  The plaintiff alleged in his application that he was being held in custody unlawfully for the following reasons:  (1) ineffective assistance of counsel; (2) constitutional violation; and (3) incompetency.  On August 30 and September 25, 2002, motions to amend were made.  An evidentiary hearing was held on December 2, 2002, before the Honorable Alexander S. Macaulay.  The petitioner was represented by Hugh Welborn, and the respondent was represented by Christopher L. Newton of the Office of the South Carolina Attorney General.  Testimony was received from the petitioner and the petitioner's mother, Judy Hilton.  In an order dated December 18, 2002, Judge Macaulay granted a motion by the respondent for a directed verdict and dismissed the application.

The petitioner made a timely appeal to the South Carolina Supreme Court.  He was represented on appeal by Daniel T. Stacey of the South Carolina Office of Appellate Defense.  On June 20, 2003, petitioner's counsel made a petition for writ of certiorari.  The following question was presented: "Whether the court erred when it entered a verdict in the favor of the state, because there remained material factual issues as to whether counsel was ineffective in failing to obtain a competency evaluation for the petitioner?"  The respondents made a return on August 12, 2003.  On March 4, 2004, the South Carolina Supreme Court entered its order by letter that the petition was denied.  The remittitur was sent on March 22, 2004.

In his petition for a writ of habeas corpus now before this court, the petitioner makes the following allegation:

> Denial of effective assistance of counsel on grounds that counsel failed to obtain a competency evaluation for Petitioner.
>
> > The South Carolina Supreme Court erred when it let stand the lower courts' verdict in favor of the state, because there remained material factual issues as to whether counsel was ineffective in failing to obtain a competency evaluation for the petitioner.

The respondents filed a motion for summary judgment on November 22, 2004. By order filed November 29, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. On December 30, 2004, the petitioner filed a response to the motion for summary judgment.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant

> shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondents have filed a motion for summary judgment alleging the petitioner's petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). As set forth above, the one-year period generally runs from the date on which the state criminal judgment became final. *See* 28 U.S.C. §2244(d)(1)(A).

4

The petitioner pleaded guilty and was sentenced on August 3, 1999. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to serve a notice of appeal. S.C.A.C.R. 203 (b)(2)[1]. The petitioner did not appeal his conviction or sentence. Accordingly, the time for seeking review expired on August 13, 1999. Because his judgment became final after the effective date of the AEDPA, the petitioner had one year from August 13, 1999, in which to file his petition. *See Rouse v. Lee*, 314 F.3d 698, 703 (4th Cir. 2003); *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). However, the petitioner is entitled to have the limitations period tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2). His state PCR action was filed on July 6, 2000, and the final order of dismissal was entered on December 16, 2001. His petition for a writ of certiorari was denied by the South Carolina Supreme Court on March 4, 2004, and remitted to circuit court on March 22, 2004. Accordingly, the period of limitations was tolled between July 6, 2000, and March 22, 2004.

The "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Pearson v. North Carolina*, 130 F.Supp.2d 742 (W.D.N.C. 2001). Because 327 days of the one-year time limit had already elapsed prior to the filling of the state PCR action (between August 13, 1999, and

---

[1] Rule 203. Notice of Appeal
  (a) Notice. A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules. Service and filing are defined by Rule 233.
  (b) Time for service.
  ***
  (2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.
S.C.A.C.R. 203(b)(2))

July 6, 2000), the petitioner was left with 38 days to file this habeas action following the remittitur. The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of the petition is September 8, 2004. *See* 9/16/04 order at 1 n.1. Between the date of the remittitur (March 22, 2004) and the delivery date of the federal petition (September 8, 2004), 170 more days passed, for a total of 497 untolled days.

As the federal petition was 132 days late and being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001), *cert. denied*, 534 U.S. 1080 (2002)), this court concludes that the petition in this case was untimely filed, even when properly tolled. Accordingly, the petition should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the petition for habeas corpus relief be denied and that the respondents' motion for summary judgment be granted.

s/Bruce H. Hendricks  
United States Magistrate Judge

April 28, 2005

Greenville, South Carolina

6