IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| James A. Tucker, #260993, | ) | C/A No: 8:04-22210-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| William M. White, Warden; and | ) | |
| Henry D. McMaster, Attorney General for | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court pursuant to a *pro se* petition filed September 15, 2004,[1] under 28 U.S.C. § 2254. Petitioner is an inmate at Broad River Correctional Institution of the South Carolina Department of Corrections serving a sentence of incarceration pursuant to a guilty plea in Anderson County, South Carolina. Respondents filed a motion for summary judgment on November 22, 2004 averring that the petition was untimely under the time restraints of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Petitioner was advised by the court of the procedures for filing a response to the motion for summary judgment and Petitioner filed his response to the motion on December 30, 2004.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(b), and (c), DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation. On April 28, 2005, the Magistrate Judge issued a Report recommending Respondents' motion for summary judgment be granted because the petition is untimely. The Magistrate Judge advised Petitioner of the

---

[1] The record reveals that the *Houston v. Lack*, 487 U.S. 266 (1988) delivery date of this petition was September 8, 2004.

procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the Petition, the motion, the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the recommendation of the Magistrate Judge. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.[2] The petition is untimely under the time constraints of the AEDPA.

It is, therefore, **ORDERED** that Respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 17, 2005

C:\Documents and Settings\guest\Local Settings\Temp\notesFFF692\04-22210 Tucker v. White e sumjgm granted petition untimely.wpd

---

[2] The court notes the record reflects that the PCR court's order of dismissal was entered December 18, 2002, not December 16, 2001 as stated by the Magistrate Judge. The court adopts the Report and Recommendation with this one correction.